IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH BLEA,

    Petitioner,

vs.                                                                                                                                         No. CIV 20-0600 JB/KRS

RICK MARTINEZ and the
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Petitioner Joseph Blea's failure to pay the habeas filing fee. The Court determined Blea is not eligible to proceed in forma pauperis in this action and ordered him to pay the $5.00 fee by July 26, 2020. See Memorandum Opinion and Order Denying Motion to Proceed In Forma Pauperis at 1, filed June 26, 2020 (Doc. 4)("IFP MOO"). Because Blea has not complied with the Court's order or shown cause for his lack of compliance, the Court will dismiss this case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Blea is incarcerated at the Otero County Prison Facility ("OCPF"). Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody at 1, filed June 23, 2020 (Doc. 1)("Habeas Petition"). On June 23, 2020, Blea filed the Habeas Petition, which challenges the constitutionality of his state convictions for criminal sexual penetration and kidnapping. See Habeas Petition at 1. Specifically, he alleges that his convictions are invalid based on unreasonable search and seizure, probable cause defects, speedy trial violations, and violations of the statute of limitations on kidnapping offenses. See Habeas Petition at 19-22.

Blea filed a Prisoner's Motion and Affidavit for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 along with the Habeas Petition.  See Prisoner's Motion and Affidavit for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 at 1, filed June 23, 2020 (Doc. 2)("IFP Motion").  The Court referred the matter to the Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed June 23, 2020 (Doc. 3).

On June 26, 2020, the Court considered the IFP Motion and determined that Blea is not eligible to prosecute his Habeas Petition without prepaying the $5.00 filing fee.  See IFP MOO at 1.  The Court may grant such in forma pauperis relief only where an inmate's "affidavit [and] . . . statement of . . . assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Blea's financial statement reflects that he has $140.93 in his inmate spending account, and, therefore, he can afford to prepay the $5.00 filing fee.  See IFP MOO at 1.  The Court denied the IFP Motion and directed Blea to prepay the filing fee within thirty days of IFP MOO's entry.  See IFP MOO at 1.  The Court warned that the "[f]ailure to timely comply may result in the dismissal of this action."  IFP MOO at 1.  The deadline to pay the $5.00 filing fee was July 26, 2020.  See IFP MOO at 1.  Blea did not comply, show cause for his failure to comply, or otherwise respond to the IFP MOO.

**ANALYSIS**

"The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or [the habeas corpus] rules, may be applied to a [habeas] proceeding."  Rule 12 of the Rules Governing Section 2254 Proceedings for the United States District Courts,

Effective Feb. 1, 1977, as amended Dec. 1, 2019.  Rule 41(b) of the Federal Rules of Civil Procedure is not inconsistent with any habeas statutory provision or rule, and courts regularly apply rule 41(b) in habeas proceedings.  See DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019)[1](affirming dismissal of § 2254 habeas petition under rule 41(b)); Hodge v. State of Utah, 669 F. App'x 942 (10th Cir. 2016)(affirming district court ruling and noting "petitioner doesn't advance any contention of error in the district court's dismissal of his [§ 2254 habeas] case under [r]ule 41(b)"); Manygoat v. Jacobs, 347 F. Supp. 3d 705, 707 (D.N.M. 2018)(Browning, J.)(dismissing habeas corpus petition under rule 41(b) for failure to prosecute and comply with court orders).

Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing

---

[1]DeAtley v. Williams is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished opinions are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that DeAtley v. Williams, 782 F. App'x 736 (10th Cir. 2019) and Hodge v. State of Utah, 669 F. App'x 942 (10th Cir. 2016) have persuasive value with respect to material issues and will assist the Court in its preparation of this Memorandum Opinion and Order.

to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]"  Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162. Those criteria include the degree of actual prejudice to the defendant, the amount of interference with the judicial process, the culpability of the litigant, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and the efficacy of lesser sanctions.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.

Here, Blea has not paid the $5.00 habeas filing fee, as both 28 U.S.C. § 1915(a)(1) and the

IFP MOO require.  He also has not responded to the IFP MOO or shown cause for his failure to comply.  In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.

**IT IS ORDERED** that: (i) the Petitioner's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody, filed June 23, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Joseph Blea
Otero County Prison Facility
Chaparral, New Mexico

    *Pro se petitioner*