## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH BLEA,

      Petitioner,

vs.                                    No. CIV 20-0600 JB/KRS

RICK MARTINEZ, *Warden, Otero County
Prison Facility* and ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

      Respondents.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Petitioner's Nunc Pro Tunc Motion Showing Cause for Lack of Compliance with the Court's Order, filed August 28, 2020 (Doc. 8)("Motion to Reconsider").   Blea seeks reconsideration of the Memorandum Opinion and Order dismissing his 28 U.S.C. § 2254 habeas proceeding for failure to pay the filing fee as directed.   See Memorandum Opinion and Order, Blea v. Martinez, No. CIV 20-0600 JB/KRS, 2020 WL 4430504 (D.N.M. July 31, 2020)(Browning, J.), filed July 31, 2020 (Doc. 5)("Dismissal MOO"); Motion to Reconsider at 1.   Because Blea does not demonstrate sound grounds for reconsideration, and because he already filed a separate, timely § 2254 proceeding, the Court will deny the Motion to Reconsider.

## **PROCEDURAL BACKGROUND**

Blea is incarcerated at the Otero County Prison Facility in Chaparral, New Mexico.   See Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody at 1, filed June 23, 2020 (Doc. 1)("Habeas Petition").   Blea filed the Habeas Petition on June 23, 2020, in which he challenges the constitutionality of his state convictions for criminal sexual penetration and kidnapping.   See Habeas Petition at 1.   On June 23, 2020, Blea also filed a Prisoner's Motion

and Affidavit for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 along with

the Habeas Petition.   See Prisoner's Motion and Affidavit for Leave to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915 at 1, filed June 23, 2020 (Doc. 2)("IFP Motion").   The Court referred

the matter to the Honorable Kevin Sweazea, United States Magistrate Judge for the United States

District Court for the District of New Mexico, for recommended findings and disposition, and to

enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed June 23,

2020 (Doc. 3).

On June 26, 2020, the Court considered the IFP Motion and determined that Blea is not

eligible to prosecute his Habeas Petition without prepaying the five-dollar filing fee.   See

Memorandum Opinion and Order at 1, filed June 26, 2020 (Doc. 4)("IFP MOO").   The Court may

grant such relief only where an inmate's "affidavit [and] . . . statement of . . . assets [demonstrates]

that the [inmate] is unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).

Blea's financial statement reflects that he had $140.93 in his inmate spending account, and,

therefore, could afford to prepay the five-dollar filing fee.   See IFP MOO at 1.   The Court denied

the IFP Motion and directed Blea to prepay the filing fee within thirty days of the IFP MOO's

entry.   See IFP MOO at 1.   The IFP MOO warns that the "[f]ailure to timely comply may result

in the dismissal of this action."   IFP MOO at 1.   The deadline to pay the five-dollar filing fee was

July 26, 2020.   See IFP MOO at 1.   Blea did not comply, show cause for his failure to comply,

or otherwise respond to the IFP MOO by the deadline.

On July 31, 2020, the Court dismissed this case without prejudice and entered a Final

Judgment.   See Dismissal MOO at 1; Final Judgment, filed July 31, 2020 (Doc. 6)("Judgment").

The Court observed:

> The Federal Rules of Civil Procedure, to the extent that they are not
> inconsistent with any statutory provision or [the habeas corpus] rules, may be

applied to a [habeas] proceeding."   Rule 12 of the Rules Governing Section 2254 Proceedings for the United States District Courts, Effective Feb. 1, 1977, as amended Dec. 1, 2019.   Rule 41(b) of the Federal Rules of Civil Procedure is not inconsistent with any habeas statutory provision or rule, and courts regularly apply rule 41(b) in habeas proceedings.   See DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019)(affirming dismissal of § 2254 habeas petition under rule 41(b)); Hodge v. State of Utah, 669 F. App'x 942 (10th Cir. 2016)(affirming district court ruling and noting "petitioner doesn't advance any contention of error in the district court's dismissal of his [§ 2254 habeas] case under [r]ule 41(b)"); Manygoat v. Jacobs, 347 F. Supp. 3d 705, 707 (D.N.M. 2018)(Browning, J.)(dismissing habeas corpus petition under rule 41(b) for failure to prosecute and comply with court orders).

Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b); see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]"   Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162. Those criteria include the degree of actual prejudice to the defendant, the amount of interference with the judicial process, the culpability of the litigant, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and the efficacy of lesser sanctions.   See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.

Here, Blea has not paid the $5.00 habeas filing fee, as both 28 U.S.C. § 1915(a)(1) and the IFP MOO require.   He also has not responded to the IFP

MOO or shown cause for his failure to comply.   In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute.   See <u>Olsen v. Mapes</u>, 333 F.3d 1199 at 1204.   The dismissal will be without prejudice, after considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center</u>.

<u>See</u> MOO, at *1-3.

Blea filed this Motion to Reconsider twenty-eight days later, on August 28, 2020.   <u>See</u> Motion to Reconsider at 1.   He asks the Court to reopen his case, given that his prison was on lockdown in June, 2020, because of the COVID-19 pandemic, and he did not receive a copy of the IFP MOO.   <u>See</u> Motion at 2-5.   After filing the Motion to Reconsider, and because the Court dismissed the first proceeding without prejudice to refiling, Blea also filed a new § 2254 habeas proceeding.   <u>See</u> <u>Blea v Martinez</u>, CIV No. 20-0986 JCH/JHR, Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed September 25, 2020 (Doc. 1)("Second Petition").   The Honorable Judith Herrera, United States District Judge for the United States District Court for the District of New Mexico, accepted the Second Petition as timely, but directed Blea to file an amended § 2254 petition that complies with rule 8 of the Federal Rules of Civil Procedure.   <u>See</u> Order Directing Amendment, filed February 5, 2021 in (Doc. 1) in <u>Blea v Martinez</u>, CIV No. 20-0986 JCH-JHR ("Order Directing Amendment").   The Order Directing Amendment states:

> The [Second] Petition appears timely, meaning Blea filed the claims within the statute of limitations; he alleges he exhausted state remedies; and the arguments warrant a full review of the state record.   This case would normally survive initial screening, but the Court cannot order an answer to the current pleadings.   The Petition and supplement do not contain a short, plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a), nor do they "substantially follow . . . the form" § 2254 petition, as required by Habeas Corpus Rule 2(d).

Order Directing Amendment at 1.   The Clerk's Office mailed Blea a blank § 2254 form petition to assist with his amendment in Judge Herrera's case.   The amended § 2254 petition is due in

Judge Herrera's case, CIV No. 20-0986 JCH/JHR, on March 26, 2021.

The Court will consider whether there are grounds to set aside the Dismissal MOO and Judgment, and to reopen this case, in light of rule 59 of the Federal Rules of Civil Procedure and Blea's new case.

## ANALYSIS

A motion to set aside a judgment filed within twenty-eight days of its entry is generally analyzed under rule 59(e) of the Federal Rules of Civil Procedure. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

After carefully reviewing the Motion to Reconsider and the record, the Court declines to reopen this case. See Phelps v. Hamilton, 122 F.3d at 1324. Blea does not offer new evidence on his habeas claims, and the law has not changed regarding procedural dismissals under rule 41 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41. The Court also sees no need to prevent injustice, as Blea is still able to pursue habeas relief in his new case, Blea v Martinez, CIV No. 20-0986 JCH/JHR. The result might differ, for example, if the Second Petition was untimely, and this case represented Blea's only opportunity to obtain a merits review of his habeas claims. Judge Herrera, however, has reviewed already the Second Petition, and has determined that the Second Petition "appears timely, based on the . . . reconstruction of the state court timeline." Order Directing Amendment at 1. Accordingly, the Court will deny the Motion to Reconsider in

this case.

That the Court will not reopen this case, CIV No. 20-cv-0600 JB-KRS, has no bearing on Blea's ability to prosecute his other, pending habeas case before Judge Herrera -- CIV No. 20-0986 JCH/JHR.   The Court's refusal to reopen the case means only that the Court will not entertain two open habeas cases at the same time.   Blea still should file his amended § 2254 petition and raise all habeas claims he may have, by March 26, 2021, in Judge Herrera's case, CIV No. 20-0986 JCH/JHR.

**IT IS ORDERED** that Petitioner's Nunc Pro Tunc Motion Showing Cause for Lack of Compliance with the Court's Order, filed August 28, 2020 (Doc. 8), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Joseph Blea
Otero County Prison Facility
Chaparral, New Mexico

   *Pro se petitioner*

- 6 -